**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Saxon Asset Securities Trust 2007-3, Mortgage Loan Asset Backed Certificates, Series 2007-3,<br><br>Plaintiff,<br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, *et al.*,<br><br>Defendants. | Case No.: 2:18-cv-00194-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 69), filed by Plaintiff Deutsche Bank National Trust Company ("Plaintiff"). Defendants Heather Glen Homeowners Association ("HOA") and SFR Investments Pool 1, LLC ("SFR") (collectively "Defendants") filed Responses, (ECF Nos. 74, 76), and Plaintiff filed Replies, (ECF Nos. 79, 80).

Also pending before the Court are the Motions for Summary Judgment, (ECF Nos. 70, 71), filed by HOA and SFR, respectively. Plaintiff filed Responses, (ECF Nos. 73, 75), and Defendants filed Replies, (ECF Nos. 78, 81).[1]

For the reasons discussed herein, Plaintiff's Motion for Summary Judgment is **DENIED** and Defendants' Motions for Summary Judgment are **GRANTED**.

**I.    BACKGROUND**

This quiet title action arises from the non-judicial foreclosure on real property located at 2835 Jamie Rose Street, Las Vegas, Nevada 89135 (the "Property"). (*See* Am. Compl. ¶ 1, ECF

---

[1] In light of this Order, Defendants' Motions to Dismiss, (ECF Nos. 9, 20, 50–51), are **DENIED as moot**. HOA's Motion to Stay, (ECF No. 38), is also **DENIED as moot** given the issuance of the Nevada Supreme Court's decision in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018).

No. 49). On May 17, 2007, Robert L. Willhite and Robin M. Willhite ("Borrowers") took out a loan secured by a deed of trust. (*See* Deed of Trust, Ex. 4 to Am. Compl., ECF No. 49-4).[2] On October 7, 2011, Saxon Mortgage, Inc., the original beneficiary under the deed of trust, assigned all beneficial interest in the deed to Plaintiff. (*See* Assignment, ECF No. 49-5).

On July 10, 2012, upon Borrowers' failure to pay all amounts due, HOA initiated foreclosure proceedings through its agent, Nevada Association Services, Inc ("NAS"), by recording a notice of delinquent assessment lien. (*See* Notice of Lien, ECF No. 49-8). NAS subsequently recorded a notice of default and election to sell, followed by a notice of foreclosure sale. (*See* Notice of Default, ECF No. 49-9); (Notice of Foreclosure Sale, ECF No. 49-10). HOA conducted a public auction on August 23, 2013, at which SFR purchased the Property for $39,000. (*See* Foreclosure Deed, ECF No. 49-11).

Initially filed on February 2, 2018, (*see* ECF No. 1), Plaintiff filed an Amended Complaint on July 3, 2018, bringing the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title; (2) unjust enrichment; (3) wrongful foreclosure; (4) negligence; (5) negligence per se; (6) injunctive relief; (7) declaratory relief under 28 U.S.C. § 2201 and the United States Constitution; and (8) quiet title under the Fifth and Fourteenth Amendments to the United States Constitution. (Am. Compl. ¶¶ 72–143).

On December 17, 2018, the parties filed their respective Motions for Summary Judgment, (ECF Nos. 69–71).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant

---

[2] As matters of public record, the Court takes judicial notice of the documents attached as exhibits to Plaintiff's Amended Complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. <u>DISCUSSION</u>

Plaintiff seeks summary judgment on its quiet title claim, asserting that its deed of trust continues to encumber the Property because the foreclosure sale is void. (Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 69). According to Plaintiff, the Court should invalidate the sale because it was in contravention of NRS Chapter 116 and conducted pursuant to a facially unconstitutional statute. (*Id.* 12:16–17:3). Plaintiff further contends the sale should be equitably set aside because it was sufficiently tainted with fraud, oppression, and unfairness. (*Id.* 5:16–9:14).

SFR moves for summary judgment on the basis that Plaintiff's claims are time-barred, Plaintiff lacks standing to enforce the deed of trust, and the foreclosure sale was validly conducted, resulting in SFR taking title to the Property free of Plaintiff's lien. (SFR's MSJ 1:5–7:21, ECF No. 71). HOA also moves for summary judgment, arguing Plaintiff's claims are

untimely, Plaintiff failed to join Borrowers as necessary parties to this action, and the foreclosure sale's compliance with NRS Chapter 116 precludes Plaintiff from recovery on its remaining claims. (HOA's MSJ 6:5–17:11, ECF No. 70).

Prior to considering the merits of Plaintiff's claims, the Court turns to the threshold questions of the timeliness of causes of action, the constitutionality of NRS Chapter 116, and Plaintiff's standing to bring the quiet title claim.

**A. Statute of Limitations**

According to Defendants, each of Plaintiff's claims are barred by their respective, applicable statutes of limitations. (SFR's MSJ 4:22–24); (HOA's MSJ 6:2–9:17). Plaintiff contends that its claims are timely when considered under the proper limitation periods and trigger dates. (Pl.'s Resp. to HOA's MSJ 4:9–18). The Court addresses the timeliness of each claim in turn.

**1. Quiet Title**

At issue here is whether Plaintiff's quiet title claim is subject to the five-year limitations period under NRS 11.070 and 11.080, or the four-year residual limitations period under NRS 11.220.[3]

Plaintiff's quiet title claim is governed by the five-year limitations period set forth in NRS 11.070, which applies to a "cause of action or defense to an action, founded upon title to real property." NRS 11.070. A quiet title claim is reciprocal in nature as it "requests a judicial determination of all adverse claims to disputed property." *Del Webb Conservation Holding Corp. v. Tolman*, 44 F. Supp. 2d 1105, 1110 (D. Nev. 1999) (citing *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082–83 (Nev. 1916)).

---

[3] NRS 11.220 states: "An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."

The adverse claims here are between Plaintiff, a lienholder, and SFR, titleholder. The essence of Plaintiff's requested relief, a declaration as to the viability of the first deed of trust, is necessarily a challenge to SFR's interest. *See Clay*, 159 P. at 1082 ("[O]ne of the essentials of a good complaint in such an action is that [the plaintiff] must show that the defendants claim an interest in the property adverse to the plaintiffs."). Indeed, should Plaintiff obtain its requested remedy of invalidating the foreclosure sale, SFR would be divested of its title. Because the Court must adjudicate the competing interests here, including the asserted title interest, the action is founded upon title.[4]

Under NRS 11.070, the five-year limitations period is triggered at the time "the person prosecuting the action or making the defense . . . or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises . . . ." Thus, the limitations period in this case accrued at the time Borrowers, as grantors of the deed of trust, were "seized or possessed" of the premises. *See* NRS 107.410 ("'Borrower' means a natural person who is a mortgagor or grantor of a deed of trust under a residential mortgage loan."). Because the Complaint in this action was filed less than five years after the foreclosure sale, Plaintiff's quiet title claim is timely. (*See* Compl., ECF No. 1) (filed July 3, 2018).

### 2. Unjust Enrichment

Unjust enrichment claims are subject to a four-year limitations period under Nevada law. *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("The statute of limitation for an unjust enrichment claim is four years.") (citing NRS 11.190(2)(c)). Plaintiff alleges that

---

[4] The Nevada Supreme Court has yet to weigh in on which limitations period applies to a lienholder's quiet title claim. Consequently, there is an intra-District split as to whether lienholders have four or five years to bring quiet title actions. To the extent there is any ambiguity as to NRS 11.070, the Court finds application of that statute's longer limitations period aligns with Ninth Circuit's guidance on conflicting statutes of limitations. *See Fed. Deposit Ins. Corp. v. Former Officers & Directors of Metro. Bank*, 884 F.2d 1304, 1307 (9th Cir. 1989) ("[W]hen there is a 'substantial question' which of two conflicting statutes of limitations to apply, the court should apply the longer.") (quoting *Guam Scottish Rite Bodies v. Flores*, 486 F.2d 748, 750 (9th Cir. 1973) (applying longer statute of limitations when a claim had features of both an action in trespass and an action in ejectment)).

following the HOA foreclosure sale, SFR has "benefitted from [Plaintiff's] payment of taxes, insurance or homeowners' association assessments." (Compl. ¶ 87). Other than alleging that these payments took place after the sale, Plaintiff offers no specific dates for when these payments were made or when SFR retained the benefits associated with those payments. (*Id.* ¶¶ 84–92). Indeed, the only evidence Plaintiff has marshaled to establish its claim is NAS's disbursement requisition, dated September 25, 2013, identifying the division of the sale's proceeds. (*See* NAS Disbursement Requisition, Ex. 6 to Pl.'s MSJ, ECF No. 69-9). Because Plaintiff introduces no other evidence supporting unjust enrichment, the Court is left with September 25, 2013 as the trigger date. Plaintiff's filing of this action more than four years later renders the claim time-barred.

### 3. Wrongful Foreclosure

A wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). A wrongful foreclosure claim may be based upon statutory violations or tortious conduct. *Bank of New York v. Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1234 (D. Nev. 2018). Where such a claim invokes statutory liability, a three-year limitations period applies. *See* NRS 11.190(3)(a) ("An action upon a liability created by statute, other than a penalty or forfeiture" may only be commenced "[w]ithin 3 years."); *See Bank of New York Mellon v. Hillcrest at Summit Hills Homeowners Ass'n*, No. 2:16-cv-02295-GMN-PAL, 2019 WL 415324, at *3 (D. Nev. Jan. 31, 2019). Conversely, wrongful foreclosure actions sounding in tort are subject to Nevada's four-year residual limitations period. NRS 11.220; *see Foothills*, 329 F. Supp. 3d at 1234 ("[T]he four-year catchall limitation is appropriate for a tortious wrongful foreclosure claim."); *Bank of New York v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1219 (D. Nev. 2018) (same).

Here, Plaintiff's allegations supporting its wrongful foreclosure claim implicate NRS Chapter 116 as well as tort-based theories of liability. (Compl. ¶¶ 93–100). Whether construed as a statutory or tort claim, Plaintiff's failure to file within four years is fatal.

### 4. Negligence/Negligence Per Se

In Nevada, negligence claims are generally subject to a two-year statute of limitations. *See* NRS 11.190(4)(e). Where a negligence claim arises from alleged statutory violations, Courts apply the longer three-year period under NRS 11.190(3)(a), for an "action upon a liability created by statute." *See, e.g.*, *Prof-2013-S3 Legal Title Tr., v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-02079-JAD-PAL, 2018 WL 2465177, at *6 (D. Nev. May 31, 2018). Under either a two or three-year limitations period, Plaintiff's negligence and negligence per se claims are untimely.

In summary, Plaintiffs claims for wrongful foreclosure, negligence, and negligence per se, and unjust enrichment are time-barred. Accordingly, HOA and SFR's Motions for Summary Judgment are granted as to these claims. Additionally, because Plaintiff asserts the same untimely causes of action against NAS, the Court will *sua sponte* grant summary judgment in favor of NAS and against Plaintiff. *See Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party."); *see also Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00467-MMD-CWH, 2019 WL 1245780, at *4 (D. Nev. Mar. 18, 2019).

### B. Constitutionality of NRS Chapter 116

In *Bourne Valley*, the Ninth Circuit held that NRS 116.3116's notice provisions violated lenders' due process rights because the scheme "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Bourne Valley*, 832 F.3d

at 1159. The Ninth Circuit, interpreting Nevada law, declined to embrace the appellant's argument that NRS 107.090, read into NRS 116.31168(1), mandates that HOAs provide notice to lenders even absent a request. *Id.* Accordingly, the absence of mandatory notice provisions rendered the statutory scheme facially unconstitutional. *Id.* at 1158–60.

*Bourne Valley*'s construction of Nevada law is "only binding in the absence of any subsequent indication from the [Nevada] courts that [the Ninth Circuit's] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983). "[W]here the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [a court] should consider itself bound by the later controlling authority . . . ." *Miller v. Gammie*, 335 F.3d 889, 892–893 (9th Cir. 2003). "[A][s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

In *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, the Nevada Supreme Court expressly declined to follow *Bourne Valley* and held that NRS 107.090 is incorporated into NRS 116.31168, thus requiring that HOAs "provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." 422 P.3d 1248, 1253 (Nev. 2018) (en banc). The Nevada Supreme Court's holding is clearly irreconcilable with the Ninth Circuit's finding of unconstitutionality because the Ninth Circuit premised its conclusion on NRS Chapter 116's lack of mandatory notice provisions. Because the Nevada Supreme Court has since interpreted NRS Chapter 116 as mandating notice, the rationale underlying the *Bourne Valley* decision no longer finds support under Nevada law. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (recognizing that

cases are "clearly irreconcilable" where the "relevant court of last resort . . . undercut[s] the theory or reasoning underlying the prior circuit precedent.").

In short, *Bourne Valley*'s holding that NRS Chapter 116 is facially unconstitutional is clearly irreconcilable with the Nevada Supreme Court's subsequent pronouncement. Because the Nevada Supreme Court has final say on the meaning of Nevada statutes, *Bourne Valley* is no longer controlling authority with respect to NRS 116.3116's notice provisions and, consequently, its finding of facial unconstitutionality. Accordingly, to the extent Plaintiff, in the instant Motion, seeks to prevail based upon *Bourne Valley*, the Court rejects this theory.

### C. Standing

According to SFR, Plaintiff lacks standing because it has not produced "the original, wet-ink endorsed Note," or demonstrated the "chain of ownership of the Note and the DOT." (SFR's Resp. to Pl.'s MSJ 22:27–26:22, ECF No. 76). Both arguments are without merit.

It is well established that a quiet title action may be advanced by "any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). Plaintiff seeks a declaration as to the viability of its lien interest relative to SFR's title interest. SFR appears to conflate Plaintiff's declaratory relief action with one for enforcement of the note and deed of trust through foreclosure. *See Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 258 (Nev. 2012) ("[T]o foreclose, one must be able to enforce both the promissory note and the deed of trust."). As to SFR's chain-of-title contention, SFR offers no evidence to rebut Plaintiff's production of the deed, or the subsequent assignment by which Plaintiff gained all beneficial interest in the same. (*See* Deed of Trust, Ex. 4 to Am. Compl., ECF No. 49-4); (Assignment, ECF No. 49-5). Accordingly, the Court rejects SFR's argument and finds Plaintiff has standing to bring this quiet title action.

**D. Quiet Title**

Plaintiff puts forth the following arguments to establish the foreclosure sale should be equitably set aside: (1) the Property sold for a grossly inadequate price; (2) HOA failed to send the statutorily required foreclosure notices; (3) HOA's CC&Rs put the public on constructive notice that the sale would not disturb the first deed of trust; and (4) HOA's liens improperly included collection costs and fees. (Pl.'s MSJ 5:16–9:14, 16:1–17:3).

Courts possess the inherent power, based in equity, to settle quiet title disputes. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). In determining whether an HOA's non-judicial foreclosure sale may be set aside on equitable grounds, the relevant inquiry is "whether the sale was affected by fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). The burden of establishing that a foreclosure sale should be set aside rests with the party challenging the sale. *Id.* at 646.

### 1. Grossly Inadequate Price

Plaintiff argues that the Court should void the sale based upon the Property's grossly inadequate sale price. (Pl.'s MSJ 6:7–18). According to Plaintiff, SFR's purchase of the Property for $39,000 represented 10% of the Property's fair market value and, therefore, establishes an initial basis for setting aside the sale. (*Id.* 6:7–11).

"[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Shadow Canyon*, 405 P.3d at 648 (declining to adopt a bright-line rule to equitably set aside a sale "based solely on price."). Because a low sale price is insufficient as a matter of law, the Court turns to Plaintiff's additional supporting arguments.

### 2. Notice of Sale

Plaintiff claims that HOA failed to send the statutory foreclosure notices to its loan servicer, Ocwen Loan Servicing, LLC ("Ocwen"). (Pl.'s MSJ 6:19–21). Plaintiff cites to Ocwen's declaration, indicating Ocwen has no records confirming it received the notices. (*See* Shannon Childs Decl., Ex. 1 to Pl.'s MSJ, ECF No. 69-1). HOA responds by proffering certified mail receipts, showing NAS mailed the statutory notices to Plaintiff in the care of Ocwen. (*See* NAS's Certified Mail Receipts, Exs. 1–5 to Moss Decl., Ex. A to HOA's Resp. to Pl.'s MSJ, ECF No. 74).

Nevada law requires that statutory notices be sent to "all holders of subordinate interests, even when such persons or entities did not request notice." *SFR Invs. Pool 1*, 422 P.3d at 1253. Compliance with NRS Chapter 116's provisions with respect to default, notice, and publication of the notice of sale is a "statutory prerequisite[] to a valid HOA lien foreclosure sale." *Shadow Wood*, 366 P.3d at 1110.

Here, Plaintiff's evidence falls short of creating a genuine dispute as to NAS's mailing of the foreclosure notices. NRS Chapter 116 "require[s] only that the notice be mailed, not received." *PNC Bank, Nat'l Ass'n v. Saticoy Bay LLC Series 9320 Mt. Cash Ave. UT 103*, 395 P.3d 511 (Nev. 2017) (unpublished); *Deutsche Bank Nat'l Tr. Co. v. Saticoy Bay, LLC Series 11358 Cedar Log*, 422 P.3d 1231 (Nev. 2018) (unpublished); *see also* NRS 47.250(13) (codifying the presumption "[t]hat a letter duly directed and mailed was received in the regular course of the mail"). Because Plaintiff's evidence merely shows that Plaintiff and Ocwen did not have records confirming receipt, it is insufficient to rebut HOA's evidence that the notices were mailed.

### 3. Mortgagee Protection Clause

Plaintiff argues that HOA's CC&Rs, representing to prospective bidders that the "HOA's foreclosure would not disturb the first Deed of Trust," demonstrates fraud, oppression,

and unfairness. (Pl.'s MSJ 6:24–9:14). Plaintiff cites *ZYZZX2 v. Dizon*, No. 213-cv-1307-JCM-PAL, 2016 WL 1181666 (D. Nev. Mar. 25, 2016), for the proposition that an HOA's mortgagee protection clause in its CC&Rs, coupled with a disproportionately low sales price, is enough to invalidate a sale on equitable grounds. (Pl.'s MSJ 7:3–9:14).

The Nevada Supreme Court, however, has repeatedly held that an HOA's CC&Rs, including those that provide for mortgagee protection, do not supersede the statutory structure of NRS Chapter 116. *See SFR Invs. Pool 1*, 334 P.3d, 408, 418–19 (Nev. 2014) ("'Nothing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien.' . . . The mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case.") (citation omitted); *Ikon Holdings*, 373 P.3d 66, 73–74 (Nev. 2016) (holding that an HOA's CC&R provisions in contravention of NRS Chapter 116 "are superseded by statute and are thus negated."); *see also RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) (declining to certify question as to "whether an association may validly subordinate its assessment lien" in its CC&Rs because "there is controlling Nevada precedent" on point).

Additionally, Plaintiff's failure to point to evidence of unfairness, other than the mortgagee protection clause itself, distinguishes the instant case from *ZYZZX2*. In that case, the HOA's agent sent the plaintiff a letter expressly providing assurances that the foreclosure would not impact the senior deed of trust. *See ZYZZX2*, 2016 WL 1181666, at *4. This "legally incorrect" mailing, in conjunction with the mortgagee protection clause, was enough to warrant invalidation of the sale. *Id.* at *5; *see Bayview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC*, No. 214-cv-1875-JCM-GWF, 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) (explaining that the decision in *ZYZZX2* was "rendered in light of the combination of the mortgage protection clause and the HOA's misleading mailings.") (emphasis added).

Here, in contrast, Plaintiff only points to HOA's alleged misrepresentations in its CC&Rs. (Pl.'s MSJ 18:25–26). As noted above, this is insufficient as a matter of law to demonstrate unfairness.

### 4. Content of Notices

Last, Plaintiff claims that HOA's statutory notices were deficient because they impermissibly included collection costs and fees. (Pl.' MSJ 16:1–17:3). As with Plaintiff's other equitable arguments, this alleged impropriety is insufficient to void the sale absent evidence linking HOA's inclusion of these costs to resulting unfairness, such as chilled bidding or reduced sales price. *See, e.g.*, *S. Capital Pres., LLC v. GSAA Equity Tr. 2006-5*, No. 72461, 414 P.3d 808 (Nev. 2018) (unpublished) ("[A]lthough counsel argued that the notices' inclusion of improperly incurred fees was unfair, there was no actual evidence supporting how inclusion of those fees either misled respondent or otherwise brought about the low sales price."); *see also U.S. Bank Nat'l Ass'n v. Saticoy Bay LLC*, No. 2:17-cv-00463-APG-GWF, 2018 WL 3231245, at *3 (D. Nev July 2, 2018). Because Plaintiff has not come forward with such evidence, the notices' incorporation of collection costs, alone, does not establish fraud, unfairness, or oppression.

To summarize, Plaintiff has not carried its burden of demonstrating an equitable basis for setting aside the foreclosure sale. Consequently, SFR's purchase of the Property extinguished the first deed of trust, giving SFR clear title to the Property. SFR's Motion for Summary Judgment is granted on Plaintiff's quiet title claim, and Plaintiff's Motion for Summary Judgment is denied.[5]

---

[5] Because the Court grants Defendants' Motions for Summary Judgment and denies Plaintiff's Motion, the Court need not address whether Plaintiff failed to join Borrowers as necessary parties to this action. (*E.g.*, HOA's MSJ 9:20–10:2, ECF No. 70).

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 69), is **DENIED**.

**IT IS FURTHER ORDERED** that HOA and SFR's Motions for Summary Judgment, (ECF Nos. 70, 71), are **GRANTED**. Summary Judgment is also **GRANTED** in favor of NAS and against Plaintiff.

**IT IS FURTHER ORDERED** that the Motions to Dismiss, (ECF Nos. 9, 20, 50–51), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that HOA's Motion to Stay, (ECF No. 38), is **DENIED as moot**.

The Clerk of Court is instructed to close the case and enter judgment accordingly.

**DATED** this __28__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge